IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAY - 2 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| THE INCOME TAX SCHOOL, INC.<br>a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>Carlos C. Lopez<br>an individual,<br>    <u>Serve</u>: Secretary of the Commonwealth<br>    Service of Process Department<br>    Post Office Box 2452<br>    Richmond, Virginia 23218-2452<br><br>Kristeena S. Lopez<br>an individual,<br>    <u>Serve</u>: Secretary of the Commonwealth<br>    Service of Process Department<br>    Post Office Box 2452<br>    Richmond, Virginia 23218-2452<br><br>Latino Tax Professionals Association, LLC<br>a California limited liability company,<br>    <u>Serve</u>: Secretary of the Commonwealth<br>    Service of Process Department<br>    Post Office Box 2452<br>    Richmond, Virginia 23218-2452<br><br>and<br><br>Lopez Tax Service, Inc.<br>    <u>Serve</u>: Secretary of the Commonwealth<br>    Service of Process Department<br>    Post Office Box 2452<br>    Richmond, Virginia 23218-2452 | Civil No. 3:12CV334 |

## COMPLAINT

Plaintiff, The Income Tax School, Inc. ("ITS"), by counsel, as and for its Complaint against defendants, Carlos C. Lopez, Kristeena S. Lopez, Latino Tax Professionals Association, LLC, and Lopez Tax Service, Inc. (collectively "Lopez" or "Defendants"), states as follows:

### Parties

1. ITS is an educational services and publishing company organized and existing under the laws of Virginia, with its principal place of business in Glen Allen, Virginia.

2. Upon information and belief, Carlos C. Lopez ("Mr. Lopez") is an individual resident of California and an owner and officer of the defendant business entities, who participated actively and knowingly in the infringing activities alleged herein.

3. Upon information and belief, Kristeena S. Lopez ("Mrs. Lopez") is an individual resident of California and an owner and officer of the defendant business entities, who participated actively and knowingly in the infringing activities alleged herein.

4. Upon information and belief, Latino Tax Professionals Association, LLC, is a California limited liability company with its address at 1588 Moffett Street, Suite F, Salinas, California 93905.

5. Upon information and belief, Lopez Tax Service, Inc., is a California corporation, with its address at 1588 Moffett Street, Suite F, Salinas, California 93905.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction of the claims in this action pursuant to 28 U.S.C. §§ 1331 (federal question), copyright infringement under 17 U.S.C. § 501 *et seq.*

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as these Defendants have infringed Plaintiff's copyrights in this district, regularly conduct business in this district, and their activities have targeted this district. In particular:

   a. The Defendants regularly transact business through a persistent course of conduct, deriving substantial revenue through multiple licensees and training locations in this district;

   b. The Defendants regularly transact business in this district through a persistent course of conduct, deriving substantial revenue through multiple distribution partners located in this district, which partners work with the Defendants to distribute the infringing materials in this district;

   c. The Defendants have solicited an employee of Plaintiff's in this district;

   d. The Defendants have caused injury by acts and omissions in this district and directed to this district;

   e. Defendant Lopez Tax Service, Inc. is former licensees of Plaintiff in this district, with a license signed by Defendant Mrs. Lopez signed on behalf of Defendant Lopez Tax Service, Inc., agreeing to venue in this district for all actions "arising out of or relating to" the agreement.

## Facts

8. ITS is the author and publisher of training materials for income tax professionals, from its offices in Glen Allen, Virginia.

9. The Defendants are competitors of ITS, and Defendant Lopez Tax Service is a former purchaser and licensee of ITS's predecessor-in-interest, People's Income Tax, Inc.

10. ITS is the author or assignee of the following works that include original material and protectable compilations of United States government publications. Those works (the "ITS Works") are registered with the United States Copyright Office:

   a. Comprehensive Income Tax Course – 2009 (Reg. No. TX 7-418-027)

   b. Comprehensive Income Tax Course – 2008 (Reg. No. TX 7-418-016)

   c. Comprehensive Income Tax Course – 2010 (Reg. No. TX 7-418-038)

   d. Comprehensive Income Tax Course – 2011 (Reg. No. TX 7-418-035)

   e. California Comprehensive 2008 (Reg. No. 7-418-020)

   f. California Comprehensive 2009 (Reg. No. 7-418-023)

   g. California Comprehensive 2010 (Reg. No. 7-418-042)

   h. California Comprehensive 2011 (Reg. No. 7-418-032)

   i. Comprehensive New York State Supplement (Reg. No. 7-459-640)

   j. State Returns Resident, Part-Year and Nonresident Seminar (Reg. No. TX 7-475-032)

   k. State Returns Resident, Part-Year and Nonresidents (Reg. No. TX 7-459-430)

   l. Oregon 80-Hour Basic Tax Course (Reg. No. TX 7-470-202)

   m. Amended Returns Seminar (Reg. No. TX 7-460-816)

   n. The Income Tax School Seminar Series – Nonresident Alien Returns – Form 1040 NR (Reg. No. TX 7-475-034)

   o. Nonresident Alien Returns Seminar (Reg. No. 7-460-833)

   p. The Income Tax School Seminar Series – Earned Income Credit (2011) (Reg. No. TX 7-460-832)

    q. The Income Tax School Seminar Series – Earned Income Credit (2010) (Reg. No. TX 7-460-838)

    r. Clergy Seminar (Reg. No. 7-460-839)

    s. The Income Tax School – Clergy Instructors Manual and The Income Tax School – Clergy Student Manual (Reg. No. TX 7-458-972)

    t. Schedule C – Seminar (Reg. No. TX 7-475-024)

    u. Retirement Plans Seminar (Reg. No. TX 7-475-028)

    v. Rental Property Seminar (Reg. No. 7-475-029)

11. Conclusive demonstrations of actual copying by the Defendants include wholesale copying of the ITS Works, the Defendants' verbatim use of names of friends and family members that are inserted into teaching examples by ITS authors and editors.

12. Defendant Lopez Tax Service, Inc. was formerly, until 2008, a licensee of the training publications of ITS and/or its related company, limited to use of certain ITS Works at one physical location for one year. The vast majority of the works illegally copied by the Defendants were created and published after the termination of that license agreement.

13. The license of Lopez Tax Service, Inc. did not include the right to make derivative works based on ITS Works, or to re-package or re-use ITS Works after the license period that were used under license during the license period. Lopez Tax Service, Inc. was never licensed to use any ITS Works at more than its one office location, and not for more than one year. The other Defendants were not licensees of ITS and/or its related company.

14. At an industry trade show after the expiration of the Defendants' license to use or copy any ITS Works, Defendant Mr. Lopez approached ITS's president and stated that for the

tax training materials that are ITS's stock in trade, ITS had already "done all the heavy lifting" (meaning for Mr. Lopez and his companies) in preparing such materials.

15. The ITS Works carry copyright notices: "Copyright © The Income Tax School, Inc., [year] – All Rights Reserved."

16. In spite of this notice, and with knowledge of ITS's rights in the ITS Works, the Defendants copied the ITS Works without permission to do so and without license, and without compensation to ITS. On these copies, the Defendants deliberately removed the copyright notice included thereon by ITS.

17. The Defendants, as well as their training affiliates and partner businesses, have used and continue to use and to illegally copy the ITS Works, and to create infringing derivative works based on the ITS Works.

18. The Defendants have profited handsomely by their illicit use of the Works developed and published by ITS, expanding their sales and distribution of the infringing materials across the United States.

19. On April 4, 2012, the Defendants sent or caused to be sent by email to their promotional email distribution list a sample of training materials that their organizations were offering for sale, which included review questions to accompany training materials sold by the Defendants. The vast majority of those review questions offered as part of the Defendant's training materials were taken directly from those recently published by ITS.

20. The actions by the Defendants and their their training affiliates and partner businesses consist of commercial use of all or substantially all of an entire work of creative authorship, thereby depriving ITS of the market for the works and all potential benefit to ITS by the exploitation of ITS's exclusive rights in the ITS Works.

21. As the author of the ITS Works, ITS has exclusive rights in them. 17 U.S.C. § 102(a)(8). ITS's exclusive rights in the ITS Works include the exclusive rights to make copies or derivative works of the ITS Works. 17 U.S.C. § 106(1)-(2). The Defendants have done both of these things, without license or legal justification.

22. The defendants' modification of the ITS Works included removal of ITS's copyright notices from the ITS Works. The illegal modification, copying, and removal of copyright notices was done with actual notice and in conscious disregard of ITS's rights. Such willful infringement is punishable by fines of up to $150,000 per work. 17 U.S.C. § 504(c)(2).

## Count I - Copyright Infringement

23. ITS hereby references and incorporates the above paragraphs into this Count I as if fully set forth herein.

24. ITS owns the copyright in the ITS Works discussed above. The ITS Works are registered with the United States Copyright Office, and are works of authorship protected from unauthorized copying by 17 U.S.C. § 501.

25. The Defendants made unauthorized copies of the ITS Works, as well as derivative works thereof, distributed those unauthorized copies and derivative works, and profited from that illegal activity.

26. The Defendants willfully made and distributed infringing works, which they knew they did not have right or permission from ITS to make, with conscious disregard of ITS's rights.

27. As a result of the Defendants actions as described above and in this Count I, ITS has been damaged, in a precise amount to be proven by the evidence at trial.

## Count II Violation of Digital Millennium Copyright Act (17 U.S.C. § 1202))

28. ITS hereby references and incorporates the above paragraphs into this Count II as if fully set forth herein.

29. ITS owns the copyright in the ITS Works discussed above. The ITS Works are registered with the United States Copyright Office, and are original works of authorship.

30. As discussed above, the defendants have intentionally removed and altered copyright management information from the ITS Works, knowing that they did not have the authority of the copyright owner or of the law. The defendants knew or had reasonable grounds to know, that such actions would induce, enable, facilitate, or conceal an infringement of right under United States copyright code.

31. As a result of the Defendants' actions as described above and in this Count II, ITS has been damaged, in a precise amount to be proven by the evidence at trial.

WHEREFORE, Plaintiff ITS, by counsel, respectfully requests that this Court grant the following relief:

A. The entry of an injunction (pursuant to 17 U.S.C. §§ 502 and 1203(b)) prohibiting further infringement or use of its copyrighted works by any of the Defendants, their agents, representatives, affiliates, members, distributors, or contractors, and requiring the return of all infringing copies, variations, and derivative works to ITS;

B. That ITS be awarded the greater of Defendants' profits arising out of the project based upon the ITS Works, ITS's lost profits, a reasonable royalty for past infringement, or statutory damages as applicable under law (including those for willful infringement), pursuant to 17 U.S.C. §§ 504(b), 504(c), and 1203(c)(3), in the

amount of $1,000,000.00 or such other or greater amount as proven by the evidence at trial;

C. That ITS be compensated for its attorneys' fees and costs incurred in this matter to the extent permissible by law for works infringed after the effective date of their registration, and/or for which the effective date of registration was within 3 months of publication;

D. That an order be entered prohibiting further misappropriation or further use of the ITS Works or any derivative thereof;

E. That plaintiff ITS be awarded such other and further relief as justice may require.

Dated: May 2, 2012

THE INCOME TAX SCHOOL, INC.

By: _____
Christopher E. Gatewood
THRESHOLD COUNSEL, PC
1905 Huguenot Road, Suite 200
Richmond, VA 23235
Telephone No.: (804) 677-0947
Facsimile No.: (804) 482-2641
e-mail: chris@thresholdcounsel.com
*Counsel for Plaintiff*